

**BENJAMIN R. KING**
Partner

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067

**Direct**  310.282.2279
**Main**   310.282.2000
**Fax**    310.919.3910
bking@loeb.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2020
```

May 1, 2020

Honorable Valerie Caproni USDJ
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007



Re: <u>Todd Kreisler v. 434 Broadway Property Investors II, LLC and Hanesbrands Inc.</u>
    <u>Civil Case No. 1:19-cv-08583-VEC</u>

Dear Judge Caproni:

The parties in this matter jointly write in connection with the above-referenced action, which concerns the accessibility to persons with disabilities to a retail store located in Manhattan, New York (the "Store Location"). For the reasons explained below, the parties respectfully ask the Court to suspend the June 26 fact discovery deadline and permit the parties to file a status report by June 5, 2020 as to the ability of the parties to resume discovery.

The parties previously wrote to you on March 30, 2020 to request an extension of the current case schedule in light of the COVID-19 pandemic and resulting lockdowns.  Admittedly, the letter request made did not contain much detail but Your Honor accommodated the parties with some relief, extending the fact discovery cutoff from the then-existing April 17 deadline to June 26, 2020, and setting a status conference for the new date.  In your March 31, 2020 Order providing that relief, you stated that, "[i]f the parties cannot complete fact discovery by June 26, they must explain, promptly and with greater specificity, why they could not do so despite their best efforts."

Following your March 31 Order, the parties have made significant efforts to further fact discovery and determine what may be done despite the continuing COVID-19 lockdown.  The parties have investigated the availability of requested documents and explored the possibilities to conduct an inspection of the subject store location.  Both sides have experts standing ready to conduct an inspection of the store to determine the full scope of the Plaintiff's challenge to the accessibility of that store to persons with disability.

However, at this time and as the lockdown of the City of New York has continued without any immediate relief in sight, the parties have concluded that the current fact discovery schedule as previously extended is not feasible.  In particular, Defendant Hanesbrands Inc. ("Hanes") has been required to close the subject the store location per government order, and it remains closed.  Hanes has also closed its corporate headquarters due to the crisis.  Documents and information located at the store are completely inaccessible.  A number of employees both of the store and Hanes have been furloughed, and Hanes cannot ask the remaining employees to

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

19009941.1
221099-10049



leave their New York homes to visit the store either to collect documents or open the store to facilitate an inspection. While Hanes may have some access to electronic documents (mainly email communications) requested by the Plaintiff, the personnel that would conduct searches to locate relevant documents are working remotely, and IT staff are burdened with the task of maintaining remote connectivity with the company's remaining employees and staff. Hanes has access to a limited number of documents requested by Plaintiff, but such access is spotty at best and such a production would be far below what a reasonable search would yield under ordinary circumstances.

Likewise, defendant 434 Broadway Properties, LLC also has closed its physical office consistent with New York State's mandate and, while some limited documentation remains accessible remotely, a full search is not possible. In addition, were the parties able to gather full documentation to exchange, even then the parties are currently unable to complete in-person depositions of the Plaintiff and store personnel, among others.

Similarly, given the constraints described herein, plaintiff is unable to complete discovery without responses to discovery demands, the ability to conduct depositions and an expert inspection.

During this time, the parties have been in regular contact, have discussed the foregoing circumstances, and have discussed potential avenues to overcome them. Those discussions have included revisions to the parties' current agreed deadlines which would facilitate completion of fact discovery by the current June 26 deadline. The parties have also discussed settlement during this time frame and those discussions are ongoing. However, it has become clear that the June 26 fact discovery deadline is not feasible. Even if the parties were able to exchange full documentation at this point (which they cannot), there would be insufficient time for the parties to complete depositions and resolve any discovery disputes which may arise in connection with those activities. The parties believe that it is in the best interests of moving forward with and resolving this matter that a brief temporary stay be put in place.

Accordingly, the parties hereby request that this Court suspend the June 26 fact discovery deadline and permit the parties to file a status report by June 5, 2020 as to the ability of the parties to resume discovery including an update as to any change in these circumstances that permits them to move forward..

*      *      *

Thank you for Your Honor's attention to this matter.

Very truly yours,

/s/ Benjamin R. King

Benjamin R. King
Partner, on behalf of all parties

cc:    All Counsel of Record (Via ECF)

---

Application GRANTED. Discovery deadlines are hereby stayed pending further order. The parties must file a status report by June 5, 2020, and propose a revised schedule.

SO ORDERED.                    Date: 05/01/2020

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE